UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NATARE CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:24-cv-00286-SEB-MG |
| ) | |
| WRIGHTFIELD LIMITED, ) | |
| ) | |
| Defendant. ) | |

**ORDER GRANTING DEFENDANT'S MOTION TO STAY IN FAVOR OF MEDIATION AND, IF NECESSARY, ARBITRATION**

This matter comes before the Court on Defendant Wrightfield Limited's ("Wrightfield") Motion to Stay in Favor of Mediation, and, if necessary, Arbitration. Dkt. 14. For the reasons stated herein, Wrightfield's motion is **GRANTED**.

### FACTUAL BACKGROUND

On December 12, 2016, Plaintiff Natare Corporation ("Natare") and Wrightfield entered into two written contracts, entitled "License and Royalty Agreement" and "Distributor Agreement" (hereinafter, the "contracts"), both of which permitted Wrightfield to use Natare's name in the sale and distribution of certain aquatic products. Dkt. 12-2 at 6–47. Both contracts contained the following identical Alternative Dispute Resolution ("ADR") provisions:

> Disputes. Any dispute arising out of or relating to this Agreement, including the alleged breach, termination, validity, interpretation and performance thereof ("Dispute") shall be resolved with the following procedures:
>
> (a) Negotiation. Upon written notice of any Dispute, the parties shall attempt to resolve it promptly by negotiation between

1

> executives who have authority to settle the Dispute, and this process should be completed within (30) days (the "Negotiation").
>
> (b) Mediation. If the dispute has not been resolved in negotiation in accordance with paragraph (a), then the parties shall proceed to mediation unless the parties at the time of the dispute agree to a different time frame. Either party may elect to serve a "Notice of Mediation," signifying that the Negotiation was not successful and to commence the mediation process . . . During the course of the mediation, no party can assert the failure to fully comply with paragraph (a) as a reason not to proceed or to delay the mediation . . . .
>
> (c) Arbitration. Any Dispute not resolved through negotiation or mediation in accordance with paragraphs (a) and (b) shall be resolved by final and binding arbitration in accordance with the rules of the International Court of Arbitration before a neutral, three (3) member tribunal.

*Id.* at 22–23, 44–45. In other words, the parties agreed to undertake the sequential steps of negotiation, mediation, and arbitration in an effort to resolve their disputes before proceeding to court. *Id.*

On February 28, 2023, Natare sent Wrightfield a demand letter alleging several breaches of contract and demanding a payment of $1,995,692.00 (plus interest) in full satisfaction thereof. Dkt. 12-2 at 48–55. Shortly thereafter, Natare attempted to instigate negotiations, in accordance with the first of the three agreed upon ADR steps. *Id.* However, despite Natare's best efforts, the ensuing months yielded little progress towards a final resolution, principally (according to Natare) due to Wrightfield's foot-dragging and overall inattentiveness to the dispute resolution process. Dkt. 20-1 at 1–10. Though the parties' attempts at negotiations were (decidedly) unsuccessful, no further efforts were made to engage in either mediation or arbitration.

2

Apparently on the grounds that it couldn't negotiate with itself, on November 27, 2023, Natare filed suit against Wrightfield in Marion Superior Court, alleging breach of contract, account stated, and—as an alternative to the breach of contract claim—unjust enrichment. Dkt. 12-2 at 4. On February 13, 2024, Wrightfield timely removed this litigation to our Court on the basis of diversity jurisdiction, pursuant to 28 U.S.C. §§ 1332, 1441.[1] Natare's having succeeded in getting its attention, Wrightfield moved on March 12, 2024, to stay proceedings and compel mediation, and if necessary, arbitration, pursuant to the Federal Arbitration Act (the "FAA"), 9 U.S.C. § 1 *et. seq.* However, Natare now opposes the pending motion, arguing that Wrightfield's dilatoriness constituted a repudiation of their agreements and that litigation to secure a remedy on the contract claims is required. Wrightfield's motion is fully briefed and ripe for ruling.

## LEGAL STANDARD

"[A]greements to engage in alternative dispute resolution must be enforced, if they are valid as a matter of state contract law, whether or not they are aptly labeled 'arbitration.' " *Riviera Distributors, Inc. v. Jones*, 517 F.3d 926, 929 (7th Cir. 2008) (citing *Omni Tech Corp. v. MPC Sols. Sales, LLC*, 432 F.3d 797, 800 (7th Cir. 2005)); *see also Khanna v. Banks*, No. 1:21-cv-05752, 2022 WL 1028712, at *3 (N.D. Ill. Apr. 4, 2022) (directing parties to submit to "binding confidential mediation," pursuant to their private contract). The FAA likewise embodies "both a liberal federal policy favoring arbitration .

---

[1] Natare is an Indiana corporation with its principal place of business being Indiana; Wrightfield is an English private limited company. Dkt. 12 at ¶¶ 8–11. In addition, the amount in controversy exceeds $75,000.00, exclusive of interest and costs, as § 1332(a) requires.

. . and the fundamental principle that arbitration is a matter of contract." *Gupta v. Morgan Stanley Smith Barney*, LLC, 934 F.3d 705, 710 (7th Cir. 2019) (quoting *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011)). Indeed, the FAA regards written arbitration agreements as "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract . . . ." 9 U.S.C. § 2. Accordingly, by statute, when presented with a valid arbitration agreement, "the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." *Id.* § 4.

Courts are required to grant a motion to compel arbitration where there is (1) a written agreement to arbitrate, (2) a dispute within the scope of the agreement to arbitrate, and (3) a refusal to arbitrate. *Zurich Am. Ins. Co. v. Watts Industries, Inc.*, 417 F.3d 682, 687 (7th Cir. 2005) (citing 9 U.S.C. § 4). The party seeking to compel arbitration bears the burden of demonstrating a valid entitlement to arbitrate. *See A.D. v. Credit One Bank, N.A.*, 885 F.3d 1054, 1063 (7th Cir. 2018).

## DISCUSSION

Natare and Wrightfield do not dispute that the conflict between them falls within the scope of the ADR provisions, nor do they disagree that, by filing suit, Natare's actions demonstrate a refusal to arbitrate. Dkt. 12-2 at 3. Natare contends, however, that, though it initially had sought to pursue to ADR steps laid out in the contracts, Wrightfield's noncooperation with those informal negotiations has operated as a repudiation of their underlying agreement to mediate and arbitrate. *Id.* at 3–4. Therefore, Natare argues, the ADR provisions have no legal force, and the parties need not engage in further ADR

4

efforts prior to proceeding in a judicial forum. *Id.*; Dkt. 20 at 1–2. Natare maintains that good faith, informal negotiations were a condition precedent[2] to mandatory mediation and/or arbitration, and Wrightfield's (alleged) repudiation of that condition precedent operates as a waiver of any right Wrightfield might have had to compel arbitration. Dkt. 20 at 1, 6–8.

Under Indiana law, which we apply for purposes of interpreting the underlying agreement to arbitrate, *Riviera Distributors*, 517 F.3d at 929, "parties to an arbitration agreement may make the right to seek arbitration subject to a condition precedent" that "must be met before a court may compel arbitration." *Welborn Clinic v. MedQuist, Inc.*, 301 F.3d 634, 638 (7th Cir. 2002). That said, "a party cannot avoid arbitration because of the other party's failure to comply with the negotiation steps of a grievance procedure as long as that other party acted in good faith to preserve its right to arbitration." *Id.* (citing *St. John Sanitary Dist. v. Town of Schereville*, 621 N.E.2d 1160, 1163 (Ind. Ct. App. 1993)).

The Seventh Circuit's 2002 decision in *Welborn* addresses these principles. There, the parties had entered into an agreement requiring them to resolve potential disputes through good faith negotiations and, if necessary, arbitration. *Id.* at 636. When a disagreement arose between the parties, the defendant refused to participate in the agreed-upon dispute resolution procedure, prompting the plaintiff to file suit. Thereafter,

---

[2] A condition precedent is defined as "[a]n act or event, other than a lapse of time, that must exist or occur before a duty to perform something promised arises." Condition, Black's Law Dictionary (12th ed. 2024).

5

the defendant moved to compel arbitration, which the plaintiff resisted on the grounds that the defendant had "waived its right to arbitration through its pre-litigation conduct," namely its "delay tactics and its refusal to participate in informal dispute resolution." *Id.* at 637. Relying on Indiana law as well as "the general presumption in favor of arbitration," the court held that informal negotiation was "not [a] condition[ ] precedent to [the defendant's] contractual right to compel arbitration . . . ." *Id.* at 638. The court also noted that "the purpose" of including an ADR provision in a private agreement "is undoubtedly to encourage successful negotiations so that neither litigation nor arbitration will be necessary, not to prefer the courts to an arbitrator if informal discussions break down." *Id.* at 638–39.

      As relates to the case at bar, the dispositive question is whether, under the terms of the parties' contracts, informal negotiations were a prerequisite to mediation and/or arbitration. Applying the principles outlined above, we have little difficulty concluding that the plain language of the ADR provisions omits any condition precedent on the parties' obligation to mediate and/or arbitrate. Natare and Wrightfield negotiated an extensive, comprehensive ADR scheme designed to resolve disputes "arising out of or relating to" their contracts. Dkt. 12-2 at 22–23, 44–45. As in *Welborn*, the ADR provisions here specifically anticipate the possibility of failed negotiations, stating that "[i]f the dispute has not been resolved in negotiation . . . , then the parties *shall* proceed to mediation," and, if necessary, to "final and binding arbitration." *Id.* (emphasis added). The parties further stipulated that "no party can assert the failure to fully comply with" the negotiation provision "as a reason not to proceed or to delay the mediation." *Id.*

In light of these unambiguous terms of the ADR provisions, while sympathizing with Natare's justifiable sense of frustration over Wrightfield's dilatoriness and unresponsiveness, we cannot agree with Natare that Wrightfield's failure to cooperate in earlier negotiation efforts—irrespective of whether its failure was undertaken deliberately, incidentally, or otherwise—permits Natare to bypass the mediation and arbitration stages outlined in the ADR provisions of its contracts with Wrightfield. The informal negotiations were demonstrably not a condition precedent to mediation and/or arbitration. The parties' agreement to mediate and/or arbitrate, as set forth in the ADR provisions, must and therefore shall be enforced accordingly. 9 U.S.C. § 4.

## CONCLUSION

For these reasons, Defendant's Motion to Stay in Favor of Mediation and, if necessary, Arbitration is **GRANTED**. Dkt. 14. The parties are hereby **ORDERED** to conduct mediation and, if needed, arbitration, as provided by the terms of their contracts.

This matter is hereby **STAYED** pending resolution of mediation and/or arbitration. 9 U.S.C. § 3; *Smith v. Spizzirri*, 601 U.S. 472, 478 (2024). The Clerk is **DIRECTED** to procedurally close this case on the Court's docket until such time as the Parties may notify the Court when the case can be finally dismissed or reopened.

IT IS SO ORDERED.

Date: 3/12/2025

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Abigail A. Clapp
GREENBERG TRAURIG LLP
clappa@gtlaw.com

Andrew M. McNeil
BOSE MCKINNEY & EVANS, LLP (Indianapolis)
amcneil@boselaw.com

Troy Michael Miller
BOSE MCKINNEY & EVANS, LLP (Indianapolis)
tmiller@boselaw.com

Tyler Lynn Salway
Greenberg Traurig, P.A
salwayt@gtlaw.com

Aaron Van Nostrand
Greenberg Traurig, P.A
aaron.vannostrand@gtlaw.com